322

## Lorincz's License

*Buchanan & Barrickman* and *J. Wilmer Martin*, for appellant.

*Andrew G. Uncapher*, for Liquor Control Board.

WILSON, J., September 25, 1939.—The premises sought to be licensed meet all the requirements of law, and have been licensed from May 1, 1934, to May 30, 1939. From May 1, 1934, to May 1, 1937, the license was issued to Mozes Lorincz, appellant, as owner and proprietor. By reason of sickness, Mr. Lorincz leased the premises to Alex Smilak, to whom a license was issued from June 1, 1937, to May 30, 1939. Having recovered his health appellant terminated the lease to Alex Smilak, and applied for the issuance of the license to himself. This application was filed on or about March 28, 1939. On June 24, 1939, the Act of June 24, 1939, P. L. 806, became effective. On July 5, 1939, the Pennsylvania Liquor Control Board refused the application, assigning the following reason:

"1. There are already in effect in Beaver Falls more licenses than are permitted by Act 358."

On July 6, 1939, applicant requested a hearing, which was refused by the board on July 11, 1939, and the applicant then took this appeal.

The Act of 1939, supra, provides in part as follows:

"Section 2. No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail

sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded.

"Section 3. The Pennsylvania Liquor Control Board shall have the power to increase the number of licenses in any such municipality which, in the opinion of the board, is located within a resort area.

"Section 4. All acts and parts of acts inconsistent herewith are hereby repealed.

"Section 5. This act shall become effective immediately upon final enactment."

The act of assembly was passed and approved long after the filing of the application, and after the time had expired when the then licensee, Alex Smilak, could apply for a renewal of his license, to be subsequently transferred to appellant, as allowed under said act. If appellant could have had notice of the required procedure there is no doubt he would, if possible, have complied. We use the expression "if possible" because a tenant licensee may not always coöperate in a transfer. We are of the opinion, under the facts of the instant case, and from the four corners of the Liquor Control Law, that equitable principles take it outside the quota provisions of the Act of

324

1939. The provision for the regranting and transfer of licenses in excess of the prescribed quota clearly indicates that there was no confiscatory intent in the legislature, and that reduction of licensees down to and within the quota would come through the process of weeding out improper places and persons. It is our opinion that the license under consideration should have been granted.